## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WACERA KAMAWE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **CASE NO. CV 08-B-1589-S** |
| | ) |
| MIDLAND CREDIT MANAGEMENT, | ) |
| INC., | ) |
| | ) |
|     Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on defendant's Motion for Judgment on the Pleadings. (Doc. 17.)[1] Plaintiff has sued defendant alleging a number of causes of action based on defendant's furnishing false information to a credit reporting agency and/or failing to correct the false report. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Judgment on the Pleadings, (doc. 17), is due to be granted in part and denied in part.

## I. <u>STANDARD FOR JUDGMENT ON THE PLEADINGS</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where there are no material facts in

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005)(quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002))(internal quotations omitted). To determine whether the moving party is entitled to judgment as a matter of law, the court assumes the facts alleged in the complaint are true and views those facts in the light most favorable to the nonmoving party. The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)(internal citations omitted).

## II. STATEMENT OF FACTS

In its Brief in Support of its Motion for Judgment on the Pleadings, (doc. 18 at 2-3), defendant sets forth the following facts, which plaintiff has not disputed, (doc. 23 at 1):

> Plaintiff alleges that the District Court of Jefferson County, Alabama, entered judgment in her favor in an action commenced against her by Midland regarding a certain debt. [(Doc. 1 ¶¶ 8-13.)] Plaintiff alleges that Midland continued to report the debt and Plaintiff's default to the credit reporting agencies despite knowledge that the state court entered judgment in her favor. [(*Id.* ¶¶ 14-16.)] Plaintiff alleges that Midland negligently, wantonly, recklessly, willfully, intentionally, and/or maliciously kept a false balance on Plaintiff's credit report, thereby "lead[ing] to false and defamatory information being published every time the Plaintiff Kamawe's credit report is accessed." [(*Id.* ¶¶ 44-50.)]

> Plaintiff contends that she disputed the debt with Defendant Experian Information Solutions, Inc. ("Experian"), a credit reporting agency, who she alleges notified Midland of the dispute or, alternatively, did not properly notify Midland. [(*Id.* ¶¶ 21-26.)] Plaintiff alleges that all Defendants "failed to properly investigate these disputes." [(*Id.* ¶ 27.)] She contends that all Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to conduct reasonable investigations. [(*Id.* ¶ 47.)]

Plaintiff claims that all of these actions have caused her "past and future monetary loss, past and future damage to Plaintiff Kamawe's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages . . . ." [(*Id*. ¶ 52.)]  In her Complaint, Plaintiff brings claims for violation of the FCRA, the FDCPA, and various state common law principles. [(*Id*. ¶¶ 53-58.)]  She seeks "statutory, actual, compensatory and punitive damages, and costs[,] . . . expenses . . . [and] attorney's fees." [(*Id*. at p. 17.)]

(Doc. 18 at 2-3.)

## III. DISCUSSION

Defendant contends that plaintiff's claims under the FCRA are due to be dismissed on the ground that the Act does not provide a private cause of action for this claim.  It contends that plaintiff's FDCPA claim and state-law claims are preempted or otherwise barred by the FCRA.  Plaintiff concedes that she does not have a cause of action under § 1681s-2(a) of the FCRA; however, she insists she has a claim pursuant to § 1681s-2(b).[2]

---

[2]Section 1681s-2(b) states:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer

## A.  FAIR CREDIT REPORTING ACT CLAIM – 15 U.S.C. § 1681s-2

Defendant contends that plaintiff's FCRA claim is due to be dismissed because "[t]he FCRA affords Plaintiff no private cause of action against a "furnisher" for reporting inaccurate information to a credit reporting agency or for failing to properly investigate and correct information after a dispute." (Doc. 17 ¶ 6 [citing *Lofton-Taylor v. Verizon Wireless*, No. 05-0532-CG-B, 2006 WL 3333759, at *4 (S.D. Ala. Nov. 14, 2006), *aff'd*  262 Fed.

---

reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(I) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 681s-2(b).

Appx. 999 (11th Cir.), *cert. denied* 129 S. Ct. 493 (2008); *Robinson v. Am. Honda Finance Corp.*, No. 03-2220 B/A, 2005 WL 1009568, at *1 (W.D. Tenn. Mar. 31, 2005); *Banks v. Stoneybrook Apartments*, No. 1:99CV00561, 2000 WL 1682979, at *2 (M.D.N.C. June 1, 2000); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502 (W.D. Tenn. 1999)]).  Plaintiff argues that she has a private right of action against defendant under § 1681s-2(b).  (Doc. 23 at 3-9 [citing, *inter alia*, *Green v. RBS National Bank*, 288 Fed. Appx. 641, *cert denied* 129 S. Ct. 929 (2009); *Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255 (M.D. Ala. 2007); *Lofton-Taylor*, 2006 WL 3333759 at *5; 2008 WL 2957118 (11th Cir. August 4, 2008); *Woltersdorf v. Pentagon federal Credit Union*, 320 F. Supp. 2d 1222 (N.D. Ala. 2004)].)  Recently, Judge Coogler of this court held that a private cause of action was available under § 1681s-2(b).  *Gravlee v. Midland Credit Management, Inc.*, CV 08-Co-2228-W, doc. 22 at 7 (N.D. Ala. Feb. 6, 2009)("While 15 U.S.C. § 1681s-2(a) does not provide a private right of action under the FCRA, it is well established that 15 U.S.C. § 1681s-2(b) does.")(citations omitted).

The court agrees with plaintiff and Judge Coogler.  In an unpublished opinion, the Eleventh Circuit held:

> The FCRA governs claims by consumers, like Green, against a furnisher of information, such as RBS, based on an allegation that the furnisher submitted incorrect information regarding the consumer to CRAs. *See generally* 15 U.S.C. §§ 1681a(c) & (f), 1681s-2(a).  The FCRA imposes two separate duties on furnishers.  First, § 1681s-2(a) requires furnishers to submit accurate information to CRAs.  Second, § 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes.  Green contends that Citizens Bank of Rhode Island ("Citizens") violated §

1681s-2(a) by tendering false information regarding his account.  The FCRA, however, does not provide a private right of action to redress such a violation, and the district court was correct in so holding.

> ***The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency***.  *See* 15 U.S.C. § 1681s-2(b)(1).

*Green*,  288 Fed. Appx. at 642-43 (emphasis added) [**unpublished**].

Although the *Green* decision is unpublished and, therefore, not binding authority,[3] this court finds that the decision likely represents the manner in which the Eleventh Circuit will resolve this issue.  Thus, the court is persuaded to apply the decision to this case.

Plaintiff alleges that she notified Experian of a dispute with Midland's reported debt.  (Doc. 1 ¶¶ 21-22.)  She also alleges that Experian notified Midland of the dispute by plaintiff.  (*Id*., ¶ 25.)  Thereafter, she alleges, Midland did not properly investigate the debt or modify or delete the item.  (*Id*. ¶ 27.)  These allegations are sufficient to state a cause of action pursuant to § 1681s-2(b).

Defendant's Motion for Judgment on the Pleadings, (doc. 17), as to plaintiff's FCRA claim, (doc. 1 ¶¶ 62-70), will be granted in part and denied in part.  To the extent plaintiff's Complaint alleges a cause of action pursuant to § 1681s-2(a) based on defendant's failure to

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***."  11th Cir. R. 36-2 (emphasis added).

investigate , the Motion will be granted and such claims dismissed.  To the extent plaintiff alleges a cause of action pursuant to § 1681s-2(b), defendant's Motion will be denied.

## B.  THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") – 15 U.S.C. § 1692

Plaintiff alleges that defendant violated the FDCPA by (1) falsely reporting the debt, (2) engaging in illegal collection activities, (3) updating plaintiff's credit reports to show the false debt as well as to show the false debt was past due and in collection.  (Doc. 1 ¶ 60.) Defendant contends that plaintiff's FDCPA claim is due to be dismissed because "[t]he only factual allegations supporting Plaintiff's FDCPA claim are those related to [defendant's] responsibilities as a "furnisher" to report accurate information.  This is insufficient to state a claim for abusive debt collection practices under the FDCPA."  (Doc. 17 ¶ 7 [citing *Breed v. Nationwide Ins. Co.*, No. 3:05CV-547-H, 2007 WL 1508212, at * 1 (W.D. Ky. May 8, 2007); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002)].)

In response to defendant's Motion, plaintiff argues that her claim under the FDCPA is based on 15 U.S.C. § 1692e(8), (doc. 23 at 14-18), which states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).  Defendant does not dispute that it is a debt collector; for purposes of its Motion, it does not dispute that it reported a debt as owing that a court of law had determined was not owing.  Plaintiff alleges, and the court assumes as true, that defendant falsely reported the debt as part of a pattern and practice of forcing consumers to pay loans that were not owed in order to clear their credit.  (Doc. 1 ¶¶ 44-46, 53.)  Under these facts, plaintiff has alleged a cause of action against defendant for violation of the FDCPA.

However, defendant contends plaintiff's FDCPA claim is merely an "end-run around the FCRA's denial of a private right of action."  (Doc. 25 at 8 [citation omitted].) Nevertheless, the plain language of the FDCPA prohibits defendant, as a debt collector, from reporting a false debt in an attempt to force plaintiff to pay. *See Gravlee*, CV 08-Co-2228-W, doc. 22 at 6.

Therefore, the court will deny defendant's Motion for Judgment on the Pleadings as to plaintiff's FDCPA claim.

## C.  STATE-LAW CLAIMS

Plaintiff alleges the following state-law claims:  (1) defendant "intentionally published false and defamatory information related to the Defendant Midland account," (2) it "acted with negligence, malice, wantonness, recklessness, and/or intentional conduct" with regard to plaintiff, including "the initial reporting of [the] Midland account [and] the handling of any investigations on the account," and (3) it violated her privacy rights by "publishing false information about [her] personal financial obligations."  (Doc. 1 ¶¶ 72, 73, 78.)  Defendant

8

contends these claims are due to be dismissed because they "relate to Midland's responsibilities as a 'furnisher' of information under the FCRA," and , thus, they are completely preempted by the FCRA. (Doc. 17 ¶¶ 8-9 [citing 15 U.S.C. § 1681t (b)(1)(f)].) Plaintiff contends that her state-law claims are actionable under 15 U.S.C. § 1681h(e).

The court notes a dispute exists among jurists in this district whether § 1681h(e) preserves any cause of action under state law against furnishers of information.

Section 1681h(e) states:

> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C.A. § 1681h(e) (footnote omitted). Defendant argues, "Section 1681h(e) applies only to information disclosed pursuant to §§ 1681g, 1681h, and 1681m – none of which pertain to furnishers. Accordingly, § 1681t(b)(1)(F) is the only preemption provision that applies to the facts of this case, and it completely preempts Plaintiff's state law claims." (Doc. 25 at 10.) The court agrees.

In a similar case in the Middle District, Senior Judge Albritton, discussing the plain language of the statutes, held that § 1681h(e) did not allow the state-law claims:

Many district courts which have examined these two statutes [§ 1681h(e) and § 1681t(b)(1)(F)] have attempted to resolve a perceived conflict between them by following one of three lines of reasoning: [1] the view that § 1681t(b)(1)(F) completely subsumes § 1681h, *see e.g., Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo .2002); [2] the view that § 1681(b)(1)(F) only preempts claims arising after the furnisher of information has been provided notice, *see e.g., Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002); and [3] the view that § 1681h applies to common law tort claims and § 1681t(b)(1)(F) to state statutory claims, *see, e.g., McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004). Another judge of this court, however, has determined that those three approaches need not be followed to resolve the issue of preemption and that the plain language of § 1681t(b)(1)(F) controls. *Abbett v. Bank of America*, No. 3:04cv1102-WKW, 2006 WL 581193 (M.D. Ala. March 8, 2006)(Watkins, J.).

In construing a statute, the court must first look to the plain language of the statute. *See Albernaz v. United States*, 450 U.S. 333, 336, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981). [Plaintiff] argues that the language of § 1681h(e) and § 1681t(b)(1)(F) conflict, and that this court should resolve that conflict and determine that his tort claims are not preempted because he alleges malice and willful intent, consistent with the exception in § 1681h(e).

The court finds there is no ambiguity in § 1681t(b)(1)(F) on its face. It does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies. It appears to this court that § 1681h(e) should only be looked to to determine whether it conflicts with the plain language of § 1681t(b)(1)(F) if § 1681h(e) is otherwise applicable in the case. That is, this court should not undertake to resolve a theoretical conflict between statutes unless the statute which allegedly causes the conflict with the other, unambiguous, statute applies in the case.

[Defendant] has argued that § 1681h(e) has no applicability in this case because [plaintiff's] claims do not fall within the categories of actions identified in § 1681h(e). As set out above, § 1681h(e) limits, with exceptions, the scope of the immunity it provides to particular kinds of claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or

10

in part on the report . . . ."  Sections 1681g and 1681h of the FCRA set out
requirements of consumer reporting agencies in their disclosures to consumers.
Section 1681m, as well as the remaining language of 1681h(e), apply to users
of information which take adverse action against the consumer.  [Plaintiff] has
not alleged that [defendant] is a consumer reporting agency or that it took
adverse action against him.  Accordingly, § 1681h(e) is not applicable to the
facts of this case and the liability limitation, and exceptions thereto, likewise
are not applicable.  Because those provisions do not apply, the court finds no
conflict to be resolved with the plain language of § 1681t(b)(1)(F).

*Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007)(footnotes

omitted).

In this case, plaintiff has not alleged that defendant "is a consumer reporting agency

or that it took adverse action against her [based on information provided by a consumer

reporting agency]."  *See id*. at 1260.  Moreover, the information at issue – the alleged debt

to Midland – is neither information disclosed  pursuant to §§ 1681g, 1681h, and/or 1681m,

nor information disclosed by Midland as a user of a consumer report.   Under these

circumstances, § 1681h(e) does not preserve plaintiff's state-law claims against defendant

as a furnisher of information.

Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed

under the laws of any State . . . with respect to any subject matter regulated under . . . section

1681s-2 of this title, relating to the responsibilities of persons who furnish information to

consumer reporting agencies . . . .  15 U.S.C. § 1681t(b)(1)(F).  The subject matter under §

1681s-2 includes a prohibition against furnishers providing "any information relating to a

consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)

Plaintiff alleges that defendant "intentionally published false and defamatory information related to the Midland account," invaded her privacy by publishing the false information, and that it wrongfully reported the account and handled the investigation. (Doc. 1 ¶¶ 72-73, 77-78.)  The only "publishing" alleged in plaintiff's Complaint is the furnishing of the account information to consumer reporting agencies. (*Id*. ¶¶ 16, 72.)  This conduct is the subject matter of § 1681s-2.  Therefore, plaintiff's state-law claims are barred by § 1681t(b)(1)(F).

Based on the foregoing, defendant's Motion for Judgment on the Pleadings as to plaintiff's state-law claims will be granted and plaintiff's state-law claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion for Judgment on the Pleadings, (doc. 17), is due to be granted in part and denied in part. Defendant is entitled to judgment as a matter law as to plaintiff's state-law claims and FCRA claims based on § 1681s-2(a).  An Order granting defendant's Motion for Judgment on the Pleadings and dismissing these claims will be entered contemporaneously with this Memorandum Opinion.  Defendant's Motion for Judgment on the pleadings is due to be denied as to plaintiff's remaining claims under 15 U.S.C. § 1681s-2(b) of the FCRA and 15 U.S.C. § 1692e(8) of the FDCPA.

**DONE**, this the 22nd day of July, 2009.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE