
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WACERA KAMAWE,** | } |
| **Plaintiff,** | } |
| vs. | } **CASE NO. 2:08-cv-1589-SLB** |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | } |
| **Defendant.** | } |

## <u>ORDER</u>

This case is currently before the court on plaintiff's Motion to Voluntarily Dismiss Claims Against Midland Credit Management, Inc. (Doc. 44.)[1] After the defendant has answered or served a Motion for Summary Judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

Plaintiff asks the court to dismiss her claims because the parties "have resolved their differences and desire that the claims against Defendant . . . be dismissed with prejudice,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

costs taxed as paid." (Doc. 44 at 1.) The court finds no party will be prejudiced by dismissal based on the parties' settlement.

Therefore, plaintiff's Motion to Voluntarily Dismiss Claims Against Midland Credit Management, Inc., (Doc. 44), is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Each party shall bear her own costs.

**DONE** this 5th day of March, 2010.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE